UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANNON O., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:19-CV-6076-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record, the Court concludes that the Administrative Law Judge ("ALJ") erred in evaluating the opinions of examining psychiatrist Dr. Moslin and non-

examining psychologist Dr. Nelson. Had the ALJ considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations.

Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On December 22, 2016, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of August 19, 2015. *See* Dkt. 6, Administrative Record ("AR") AR 21, 239-47, 248-54. Her applications were denied upon initial administrative review and on reconsideration. AR 21, 168-70, 171-74, 177-79, 180-82. A hearing was held before ALJ Gerald J. Hill on July 6, 2018. AR 59-100. In a decision dated November 7, 2018, the ALJ found that Plaintiff was not disabled. AR 18-37. The Social Security Appeals Council denied Plaintiff's request for review on September 17, 2019. AR 1-7. The ALJ's decision of November 7, 2018 is the final decision of the Commissioner subject to judicial review. *See* 20 C.F.R. §§ 404.981, 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly evaluate the medical opinion evidence; and (2) not providing clear and convincing reasons for discounting Plaintiff's testimony. Dkt. 8, pp. 3-14.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**I.  Whether the ALJ properly evaluated the medical opinion evidence.**

Plaintiff contends that the ALJ erred by failing to properly evaluate opinions from examining psychiatrist Pamela Moslin, M.D. and non-examining state agency psychologist Gary Nelson, Ph.D. Dkt. 8, pp. 3-7.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

**A.  Dr. Moslin**

Dr. Moslin examined Plaintiff on March 27, 2017. AR 687-92. Dr. Moslin's evaluation consisted of a review of some medical records, a clinical interview, and a mental status examination. During the examination, Plaintiff stated that she was surprised that Dr. Moslin was a psychiatrist, as she had no psychiatric history and had never been treated for depression, evidenced suicidal intent, been admitted to a psychiatric hospital, or been evaluated by a psychiatrist. AR 687.

1    Based on this evaluation, Dr. Moslin observed that Plaintiff had "a volatile depression" that would benefit from medication. AR 691. Dr. Moslin further observed that Plaintiff was "very angry" and she suspected that Plaintiff's anger was "fairly amorphous and can glob onto anything or anyone." *Id.* Dr. Moslin stated that Plaintiff was irritable, would be unable to tolerate any work situation, and would "just become verbally abusive." *Id.*

Dr. Moslin opined that while Plaintiff would be able to perform simple or possibly more complex tasks, "she is so volatile and depressed at this time she would become derailed I suspect and not be able to persevere at anything." AR 692. Dr. Moslin stated that Plaintiff would have trouble interacting with supervisors, coworkers and the public because she is irritable and quick to find fault, which would cause conflicts in the workplace. *Id.* Dr. Moslin further opined that Plaintiff would have difficulty interacting with others and attending work consistently for her entire shift, and would have difficulty with attendance. *Id.* Dr. Moslin added that Plaintiff felt "very angry and feels hurt and betrayed and would very likely feel entitled to stay home and not go to work at all." *Id.*

The ALJ assigned "partial weight" to Dr. Moslin's opinion, finding that Dr. Moslin's diagnosis of major depression and the assessment that Plaintiff could perform simple and possibly more complex tasks were consistent with Plaintiff's mental status examinations, treatment history and the record as a whole, which reflected moderate symptoms and limitations due to depression. AR 34.

However, the ALJ also reasoned that: (1) Dr. Moslin's opinion was based on a one-time consultative evaluation and lacked the perspective provided by a treating relationship; (2) the record as a whole did not support Dr. Moslin's opinion as to severe social limitations and difficulty maintaining regular work attendance; (3) Plaintiff's treatment history was not

consistent with Dr. Moslin's opinion that Plaintiff has extreme depressive or anger/irritability symptoms that would be work preclusive; (4) the extreme social interaction limitations assessed by Dr. Moslin were inconsistent with Plaintiff's function report, in which she indicated she does not have problems getting along with others in general, and gets along well with authority figures; and (5) Dr. Moslin's opinion that Plaintiff would be unable to attend work was not consistent with Plaintiff's testimony at hearing wherein she stated that her mental impairments never caused her to have work attendance problems, and stated that her medications help her "tremendously." AR 34.

With respect to the ALJ's first reason, the fact that Dr. Moslin only examined Plaintiff once is not, in and of itself, a specific, legitimate reason for discounting her opinion. An examining doctor, by definition, does not have a treating relationship with a claimant and usually only examines the claimant one time. *See* 20 C.F.R. §§ 404.1527, 416.927. "When considering an examining physician's opinion . . . it is the quality, not the quantity of the examination that is important. Discrediting an opinion because the examining doctor only saw claimant one time would effectively discredit most, if not all, examining doctor opinions." *Yeakey v. Colvin*, 2014 WL 3767410 at *6 (W.D. Wash. July 31, 2014). The record does not contain an opinion from a treating psychiatrist, and Dr. Moslin's opinion is the only opinion from an examining source concerning Plaintiff's mental limitations.

As for the ALJ's remaining reasons for discounting Dr. Moslin's opinion, inconsistencies with the medical evidence may serve as specific, legitimate reasons for discounting limitations assessed by a physician. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight [the Social Security

Administration] will give to that medical opinion."); *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (An ALJ may give less weight to medical opinions that conflict with treatment notes).

In assessing Plaintiff's mental health impairments, the ALJ found that mental status examinations conducted during the period at issue typically did not indicate debilitating mental limitations, and that more recent evidence indicating an exacerbation in her depression and anxiety symptoms was related to situational and family stressors. AR 30-31.

Plaintiff received limited mental health treatment during the period at issue. All the mental status examinations cited by the ALJ were conducted when Plaintiff was primarily complaining of symptoms related to her physical impairments. AR 403, 414, 463, 649, 668, 725, 853. Plaintiff began seeing a mental health treatment provider in September 2017, several months after she met with Dr. Moslin. AR 816. During these treatment sessions, Plaintiff complained of symptoms similar to those observed by Dr. Moslin, including depression, stress, anxiety, difficulty being around others, and significant problems with interpersonal relationships. AR 768-71, 773, 776, 778, 782, 785, 790, 792, 794, 803-06, 809-10, 815.

During the hearing, Plaintiff testified that she was disabled primarily due to a physical injury she sustained after a work-related injury in 2015. AR 65-71. Plaintiff testified that she had symptoms of depression stemming from personal trauma and her physical impairments. AR 81-82. Plaintiff testified that she had physical confrontations with co-workers, supervisors, and customers in a work setting, and that she was generally not a "people person." AR 72-73. In a function report dated January 19, 2017, Plaintiff alleged she was disabled primarily due to her physical impairments, and stated that she got along well with authority figures and had never been fired due to difficulties getting along with others. AR 292. Plaintiff testified that counseling and the medication Lexapro had been useful in relieving her mental health symptoms. AR 71-72.

A person suffering from a mental illness may not realize that he or she needs medication and may not even realize that his or her "condition reflects a potentially serious mental illness." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). "'[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" *Id.* (*quoting* with approval, *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)). Here, Dr. Moslin's opinion and the longitudinal record are clear that Plaintiff's mental health limitations are more serious than the Plaintiff acknowledges. As such, the fact that Dr. Moslin's opinion is inconsistent with Plaintiff's self-reports is not, in this case, a specific and legitimate reason for discounting it.

Dr. Moslin is the only examining psychiatrist who has offered an opinion regarding Plaintiff's work-related functional limitations. An examining physician's opinion is generally "entitled to greater weight than the opinion of a nonexamining physician." *Lester v. Chater*, 81 F.3d 821, 830-31(9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1527(c)(1), 416.926(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). Dr. Moslin's opinion is consistent with the longitudinal record concerning Plaintiff's mental health impairments, and the ALJ erred in discounting Dr. Moslin's opinion because it was inconsistent with Plaintiff's treatment history.

Accordingly, the ALJ did not provide specific and legitimate reasons for discounting Dr. Moslin's opinion.

**B.    Dr. Nelson**

Plaintiff alleges that the ALJ erred by not including in the RFC all the limitations assessed by non-examining state agency psychologist Dr. Nelson, even though the ALJ assigned "significant weight" to Dr. Nelson's opinion. Dkt. 8, pp. 3-5.

Dr. Nelson's opinion was rendered in April 2017, several months before Plaintiff began seeking regular mental health treatment. AR 144-46, 161-63. A non-examining psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining psychiatrist. *Lester v. Chater,* 81 F.3d 821, 831 (9th Cir. 1995). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (citations omitted.

For the reasons discussed above, Dr. Moslin's opinion is consistent with the mental health treatment record, while Dr. Nelson's, which assessed Plaintiff as having no more than moderate work-related mental limitations, is not. *Id.* Accordingly, the ALJ's decision to accord more weight to Dr. Nelson's non-examining opinion is not supported by substantial evidence.

**II.     Whether the ALJ properly evaluated Plaintiff's testimony.**

Plaintiff maintains that the ALJ erred in evaluating her symptom testimony. Dkt. 8, pp. 9-15. Because Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's testimony, the ALJ shall reconsider Plaintiff's symptom testimony as necessary on remand.

**III.    Additional Evidence.**

The record contains evidence submitted by Plaintiff after the ALJ issued his decision. AR 16-17, 45-58. The Appeals Council denied review of Plaintiff's claim and opted not to exhibit this evidence, reasoning that it did not show a reasonable probability of changing the outcome, and that some of the evidence in question was from a period after the ALJ issued his decision. AR 2.

This Court must consider this additional material in determining whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence).

Much of this evidence relates to Plaintiff's back, knee, and hip impairments. AR 16-17, 45-58. The ALJ shall evaluate this evidence as appropriate on remand.

**IV.  Remedy.**

Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 8, p. 15. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The Court has determined that the ALJ must re-evaluate the opinions of Dr. Moslin and Dr. Nelson on remand.

1       The District Court may remand on an open record for further proceedings "when the
2  record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the
3  meaning of the Social Security Act." *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir.2014)
4  (quoting *Garrison v. Colvin*, 759 F.3d 995, 1021)

5       While Dr. Moslin assessed Plaintiff as having serious work-related mental limitations
6  which were potentially consistent with a finding of disability, her opinion is the only opinion
7  from an examining source concerning Plaintiff's mental limitations. Even if crediting her opinion
8  as true would lead to a finding of disability, the record contains limited evidence concerning
9  Plaintiff's mental health impairments, and there remains considerable uncertainty whether, when
10 considering the record as a whole, Plaintiff would be disabled.

11      As such, there are outstanding issues to be resolved, and remand for further
12 administrative proceedings is the appropriate remedy. On remand, the ALJ shall take necessary
13 steps to ascertain plaintiff's functional capacity during the period at issue. *Tonapetyan v. Halter*,
14 242 F.3d 1144, 1150 (9th Cir. 2001) (The ALJ "has an independent 'duty to fully and fairly
15 develop the record.'")

16                                        CONCLUSION

17      Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded
18 Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and
19 this matter is remanded for further administrative proceedings in accordance with the findings
20 contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

21      Dated this 27th day of April, 2020.

                                                    /s/ David W. Christel
                                                    David W. Christel
                                                    United States Magistrate Judge